IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| M. SCOTT TALLENT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| ATS TAX GROUP, LLC a/k/a ATS TAX ) | JURY DEMANDED |
| GROUP a/k/a AMERICAN TAX ) | |
| SERVICE a/k/a AMERICAN TAX ) | |
| SOLUTION, ) | |
| ) | |
| Defendants. | |

**COMPLAINT**

Comes the Plaintiff, M. Scott Tallent (hereinafter "Tallent" or "Plaintiff"), by and through counsel, and sues the Defendant ATS Tax Group, LLC a/k/a ATS Tax Group a/k/a American Tax Service a/k/a American Tax Solution (hereinafter "ATS" or "Defendant"), for compensatory and punitive damages to be proven at a trial of this cause and for his cause of action claims and alleges as follows:

1. Plaintiff is a citizen and resident of Knox County, Tennessee.

2. Defendant ATS is an entity with its principal place of business at 101 Convention Center Drive, Suite 1225, Las Vegas, Nevada 89109-2017 and/or 811 Wilshire Blvd., Suite 1700, Los Angeles, California 90017. This Defendant is also known as ATS Tax Group, American Tax Service, and American Tax Solution. To the undersigned's knowledge, Defendant has no registered agent in Tennessee and therefore is being served at the aforementioned addresses.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand and no/100 Dollars

($75,000.00) exclusive of interest and costs. The Plaintiff also avers that venue is appropriate pursuant to 28 U.S.C. § 1391.

4. In or around October 5, 2023, Plaintiff entered into an agreement with Defendant that in exchange for monetary payments to the Defendant, Defendant would negotiate and settle a tax debt allegedly owed by the Plaintiff to the United States. Plaintiff had been making payments to the Internal Revenue Service to satisfy the alleged tax debt, and the Internal Revenue Service indicated to Plaintiff that the balance was being reduced.

5. Upon entering the agreement with Defendant, Plaintiff ceased making payments to the Internal Revenue Service at the instruction of Defendant, and later, the Defendant represented to the Plaintiff that his tax debt was for Thirteen Thousand Four Hundred Thirty and no/100 Dollars ($13,430.00). In reliance on Defendant's representation, Plaintiff paid the Defendant the sum of Thirteen Thousand Four Hundred Thirty and no/100 Dollars ($13,430.00) directly to settle the tax debt with the United States. Defendant informed Plaintiff that the matter was resolved. Likewise, Plaintiff considered the matter resolved. Yet, in late March 2024, the Internal Revenue Service contacted Plaintiff and advised that the tax debt had not been settled and they had received no payment from Defendant.

6. Plaintiff immediately contacted Defendant for an explanation. Defendant refused to contact the Plaintiff telephonically, or in writing. Later, Plaintiff attempted to contact Defendant in writing, but Defendant did not respond despite all writings being delivered to the Defendant at aforementioned addressees of Defendant. Plaintiff was forced to resume payments to the Internal Revenue Service but at an enhanced penalty and interest rate as a result of Defendant. Plaintiff was also forced to employ another agency to perform the service that Defendant was supposed to do. Plaintiff avers that Defendant unlawfully retained and converted not only the Thirteen

2

Thousand Four Hundred Thirty and no/100 Dollars ($13,430.00) settlement amount, but also all fees paid to Defendant to perform its advertised services.

## CONVERSION

7.      Plaintiff avers that Defendant unlawfully converted Plaintiff's property in violation of Tennessee law.  In good faith, Plaintiff paid all fees requested by Defendant to perform its advertised services with the Internal Revenue Service, and paid Defendant the sum of Thirteen Thousand Four Hundred Thirty and no/100 Dollars ($13,430.00) as requested by the Defendant to allegedly settle his tax debt.  Defendant accepted all requested monies from Plaintiff.  Yet, instead of performing as advertised, Defendant kept Plaintiff's monies and did not provide the same to the Internal Revenue Service, or otherwise negotiate the settlement as advertised to the Plaintiff. Plaintiff avers that Defendant appropriated all requested monies and used the monies for its own purposes to the Plaintiff's detriment.

## FRAUD

8.      Plaintiff avers that Defendant is liable to him under the tort and fraudulent misrepresentation.  At all times, Plaintiff avers that Defendant represented to Plaintiff that for the payment of certain fees, it would settle Plaintiff's tax debt with the Internal Revenue Service. Plaintiff relied on these statements and paid Defendant all fees and an additional Thirteen Thousand Four Hundred Thirty and no/100 Dollars ($13,430.00) at the request of Defendant for settlement of the tax debt with the Internal Revenue Service.  Plaintiff avers that these representations were false and known to Defendant to be false when made.  Plaintiff reasonably relied on Defendant's representations and as stated previously, Defendants did not settle Plaintiff's tax debt with the Internal Revenue Service but rather kept all of the fees associated with Defendant's services as well as the Thirteen Thousand Four Hundred Thirty and no/100 Dollars

3

($13,430.00) settlement amount. Plaintiff alleges that Defendant intended to cause him harm and he lost substantial monies as a result of Defendant's fraudulent representations.

## BREACH OF CONTRACT

9. Plaintiff avers that the Defendant is also liable to Plaintiff for breach of contract. At all times material, Defendant and Plaintiff agreed for the payment of certain fees that the Defendant would negotiate with the Internal Revenue Service to resolve Plaintiff's tax debt. Plaintiff paid all fees Defendant requested, and paid the sum of Thirteen Thousand Four Hundred Thirty and no/100 Dollars ($13,430.00) to Defendant to deliver to the Internal Revenue Service as Defendant requested the money as it claimed it had settled the tax debt with the Internal Revenue Service for that amount. Plaintiff sent the requested money to the Defendant, but later learned that Defendant did not settle Plaintiff's tax debt with the Internal Revenue Service, and has not returned any of the monies Plaintiff sent. The Internal Revenue Service informed Plaintiff that they had no record of Defendant ever contacting them and Defendant has not provided Plaintiff any explanation after being requested to do so. Accordingly, Plaintiff avers that Defendant is in breach of their agreement and is liable for all consequential damages including the payment of fees to the Defendant, the monies paid to Defendant to allegedly settle his tax debt with the Internal Revenue Service, and all of the substantial penalties and interest incurred by Plaintiff as a result of Defendant's breach of contract.

WHEREFORE, M. Scott Tallent respectfully demands judgment against the Defendant ATS Tax Group, LLC aka ATS Tax Group aka American Tax Service, aka American Tax Solution for compensatory and punitive damages in an amount to be proven at trial, and further demands a jury to try this cause.

Respectfully submitted this 31st day of March, 2025.

**ARTHUR F. KNIGHT, III**

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III, BPR# 016178
The Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
(865) 252-0430
art@artknightlaw.com

*Attorney for Plaintiff*